# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

MICHAEL CHARLES MCGILL,

    Petitioner,

v.                                                CASE NO. 1:15-cv-00256-WTH-EMT

FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING 28 U.S.C. § 2254 PETITION

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated April 17, 2018. (ECF No. 28). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at ECF No. 29. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The Court concurs with the Magistrate Judge in the well reasoned, 92-page Report and Recommendation, but writes separately about Ground Four,

which petitioner specifically addresses in his objections.

In Ground Four, petitioner contends his conviction on Count II (charging written threats to kill or do bodily injury in violation of Fla. Stat. 836.10) constitutes a fundamental miscarriage of justice because the evidence was insufficient. Specifically, petitioner alleges that because Ms. Nowacki's co-worker opened the April 28, 2006, letter and gave it to authorities before Ms. Nowacki saw it, the victim was not the one who received the threatening letter and therefore, the state did not prove a key element for Count II. Petitioner did not raise this issue on direct appeal, but claims that this was a newly discovered issue and is entitled to federal review under the "fundamental miscarriage of justice" exception.

As an initial matter, the Court agrees with the Report and Recommendation that this issue is procedurally defaulted. Simply because petitioner only recently conceived the legal basis for his sufficiency-of-the-evidence claim does mean the evidence is "new." Petitioner should have raised this issue in the state courts. But even if he had, there still would be no merit to his claim because liability under the statute is not affected by Ms. Chu opening the letter rather than Ms. Nowacki.

The statute that petitioner was charged with violating in Count II is Fla Stat. § 836.10, which provides:

> Written threats to kill or do bodily injury; punishment.- Any person
> who writes or composes and also sends or procures the sending of any

> letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent commits a felony of the second degree.

Here, petitioner committed all the acts necessary to violate the statute. He wrote and sent a letter containing a threat to kill the person to whom he sent the letter - Ms. Nowacki. The statute contains no exception for cases in which the letter does not reach its intended victim and, contrary to petitioner's representations, does not use the word "recipient" anywhere within the statute.

Although he does not explicitly cite to the case, the petitioner appears to be relying upon *State v. Wise*, 664 So. 2d 1028, 1030 (Fla. 2nd DCA 1995), since much of the language in Ground 4 appears to be directly lifted from that case. *See* Am. Pet. 19-20. That case does not support petitioner's argument, however. In *Wise*, a prisoner at Avon Park Correctional Center, which is in Polk County, sent threatening letters to kill to a woman who received them in Pinellas County. He was charged in Pinellas County. The defendant successfully moved for dismissal because of lack of venue by arguing that he sent the letters in Polk County, not Pinellas County. The Second DCA reversed, but made clear it was only doing so to expand the scope of the proper venue in cases under the statute rather than

requiring both sending by the defendant and receipt by the intended victim:

> [T]he act of sending under this statute involves not only the depositing of the communication in the mail or through some other form of delivery, but also encompasses the receipt of the communication by the person being threatened.
>
> \*\*\*\*
>
> When the deposit in the mail is made in one county and the communication is received in another county, the act of "sending" occurs, for venue purposes, in more than one place. Venue is proper in either county because an act constituting a part of the offense occurred in both places. See § 910.05, Fla.Stat.

*State v. Wise*, 664 So. 2d 1028, 1030 (Fla. 2nd DCA 1995). At this point in the opinion, however, in footnote one, the Second DCA made sure to clarify the scope of its decision:

> This is not to say that prosecution would not be appropriate in a case in which a threatening letter was mailed but not received by the intended recipient. That issue is not before us on the facts of this case. Here, we merely conclude that where an intended recipient does in fact receive a communication in a different venue from the place of mailing, venue is appropriate in either locale.

*Id.* In short, nothing in the language of the statute or the language of the case apparently relied upon by petitioner -- or any other case found by the Court -- requires that the threatening message actually be received by the intended victim.

Therefore, Ground Four is without merit even if it were not procedurally defaulted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 28, is adopted and incorporated by reference in this order.

2. The Clerk is directed to enter the following judgment: "The Amended Petition under 28 U.S.C. § 2254, ECF No. 18 is DENIED."

3. The Clerk is directed to close the file.

**DONE AND ORDERED** this *1st* day of May, 2018

                                                                     _____
                                                                     UNITED STATES DISTRICT JUDGE